**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated: January 22 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-34024 |
| | ) | |
| Lester Ray Slawter and | ) | |
| Pamela Gay Slawter, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtors. | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY AND ABANDONMENT

This matter came to be considered on the Motion for Relief from Stay and Abandonment (the "Motion") [Doc. # 7] filed by Creditor Friendly Village ("Movant") with respect to Debtors' leasehold concerning the real estate at 28180 Oregon Road, Perrysburg OH 43551, and the Debtors' Objection to Movant's Motion for Relief from Stay and Abandonment. [Doc. # 10].

Movant has alleged that good cause exists for granting the Motion, and that Debtors, the Chapter 7 Trustee, and all other necessary parties were served with the Motion and with notice of the hearing date on the Motion. Debtors timely filed an objection to the Motion. Apart from Debtors' objection, no other party filed a response or otherwise appeared to be heard on the Motion. The court held a hearing on the Motion on December 12, 2014, at which Debtors' counsel appeared in person, and counsel for Movant

appeared by telephone.

Debtors' Objection does not contest the fact that they are behind in their lease payments or otherwise state a statutory basis for denial of the Motion. At the hearing on the matter, Debtors stated a desire to assume the lease on the real estate in an effort to continue to reside on the property.

However, the authority to assume or reject an executory contract or an unexpired lease is bestowed on a bankruptcy trustee. *See,* 11 U.S.C. § 365(a). This authority can be exercised by a debtor in Chapter 9 cases[1], and in certain instances, is conferred on a debtor in possession in cases brought before the court under Chapters 11[2] and 12[3]. As posited in *In re Rodall*, 165 B.R. 506 (Bankr. M.D. Fla. 1994),

> In the reorganization chapters of the code, a *debtor* is specifically given the authority to assume an executory contract or unexpired lease. 11 U.S.C. § 1322; 11 U.S.C. § 1107. There is no corresponding provision in the code for a chapter 7 debtor.

165 B.R. at 507 (emphasis original).

The *Gatea* court, *In re Gatea*, 227 B.R. 695 (Bankr. S.D. Ind. 1997), agreed with the *Rodall* decision. In *Gatea*, the debtor objected to the Chapter 7 Trustee's Motion to Reject the debtor's lease on commercial property. In citing *Rodall*, the *Gatea* court stated that "[b]ased on the ... statutory provisions, it is clear that the Debtor ... does not have standing to assume or reject the [l]ease." *Id.* at 697.

In *In re Werbinski*, 271 B.R. 514 (Bankr. E.D. Mich. 2001), the debtors were renting lot space as month-to-month tenants for their mobile home. The debtors listed Chateau Communities ("the creditor") on Schedule F, stating that they owed $2,500 to the creditor for rent and other expenses. *Id.* at 515. The

---

[1]/ 11 U.S.C. § 365 is applicable to cases brought under Chapter 9 by 11 U.S.C. § 901(a). Pursuant to 11 U.S.C. § 902(5), the reference to the word "trustee" in § 365 means the debtor.

[2]/*See,* 11 U.S.C. § 1107(a), which provides that a debtor in possession with all the rights and powers of a trustee and commands that a debtor in possession must perform the functions and duties of a trustee serving in a Chapter 11 case.

[3]/*See,* 11 U.S.C. § 1203, which provides, subject to certain court-prescribed limitations, that a debtor in possession has all the rights, other than a right to compensation under 11 U.S.C. § 330, and powers of a trustee serving in a Chapter 12 case, and that the debtor in possession shall perform all the functions and duties of a trustee serving in a Chapter 11 case.

2

debtors in the *Werbinski* case received their discharge and the case was closed. Six months later, the case was reopened for the purpose of hearing the creditor's motion to "Find a De Facto Assumption of Executory Contract and to Allow Collection of Rents or Eviction." Because the debtors continued to pay on their month-to-month lease, the creditor asked the court to use its powers under 11 U.S.C. § 105 to rule that the debtors assumed their month-to-month tenancy by remaining on the premisis. *Id.* at 516.

11 U.S.C. § 365(d)(1) provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

The creditor sought a determination that because the trustee in the case neither assumed nor rejected the lease, the debtors assumed the lease based upon their continued occupancy. Judge Rhodes ruled that "there is no legal basis for the Court to make such a determination. Further, debtors do not have standing in a chapter 7 case to assume or reject a lease." *Id*. *See, In re Lowe*, 2010 WL 817169, at *2 (Bankr. S.D. Tex. Mar. 4, 2010); *see also, In re Metro*, 2008 WL 1348665, at *4 (Bankr. E.D. PA. Apr. 7, 2008)("... only the Chapter 7 trustee is entitled to assume or reject an unexpired lease ... court approval is [irrelevant] because assumption by the debtor is not contemplated by the code.").

Here, the time has expired for the Chapter 7 trustee to assume or reject the lease in issue.

Based on the foregoing reasons, in the case at hand, it is appropriate to grant the relief requested by the Movant and to overrule the Debtors' objection, as the Code does not provide for Chapter 7 debtors the power to assume a lease.

**IT IS, THEREFORE, ORDERED THAT:**

1. The Motion is granted. The automatic stay imposed by § 362 of the Bankruptcy Code is terminated with respect to Movant, its successors, and assigns on the leasehold concerning the real property

located at 28180 Oregon Road, Perrysburg, OH 43551.

     2. The Chapter 7 Trustee is authorized and directed to abandon the leasehold of the real property located at 28180 Oregon Road, Perrysburg, OH 43551.

###